UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TERRANCE LAMONT JONES, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-939 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SYSTEM, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Correctional Medical Systems, Inc. The Court will serve the complaint against Defendant Steve Friedenberg.

**Discussion**

I.        Factual allegations

Plaintiff Terrance Lamont Jones presently is incarcerated with the Michigan Department of Corrections and housed at the Parr Highway Correctional Facility, though the actions he complains of occurred while he was housed at the Deerfield Correctional Facility (ICF). He sues Correctional Medical Systems, Inc. (CMS), and ICF Nurse Steve Friedenberg.

Plaintiff alleges that on August 17, 2007, he began to have chest pain and shortness of breath. He complained to Correctional Officer Cain, who called Defendant Nurse Friedenberg. According to Plaintiff's complaint, he spent three-and-one-half to four hours in pain, spitting blood, and feeling as if he was drowning. He eventually passed out. Nurse Friedenberg nevertheless did not order treatment, despite being aware that Plaintiff had a heart condition. Eventually, Plaintiff was taken to the hospital. He alleges that Friedenberg was deliberately indifferent to his serious medical condition, causing him extreme pain and distress.

Plaintiff raises a second claim in his complaint. He alleges that Friedenberg revealed his personal medical information to Deputy Warden Dingleday, ostensibly in violation of federal law and the constitution. The allegations are vague as to the nature of the information released.

Plaintiff's complaint contains no allegations concerning the conduct of Defendant CMS.

II.       Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against CMS, though he alleges that Friedenberg is an employee of CMS. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich 1991).

To the extent Plaintiff intends to imply that CMS is responsible for his treatment because it employs Friedenberg, he states no constitutional claim. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon

the mere failure to act. *Id*.; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Plaintiff has failed to allege that CMS engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against it.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant CMS will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Steve Friedenberg.

An Order consistent with this Opinion will be entered.


Date:    October 22, 2007             /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE